IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES ELDRIDGE,<br>Inmate # 826305,<br>    Plaintiff, | :: <br> :: <br> :: <br> :: | CIVIL ACTION NO.<br>1:06-CV-1849-TCB |
| v. | :: <br> :: | |
| JAMES BODIFORD,<br>Chief Judge, Cobb County Superior<br>Court,<br>ADELE P. GRUBBS,<br>Judge, Cobb County Superior Court,<br>JAY C. STEPHENSON,<br>Superior Court Clerk,<br>PATRICK HEAD,<br>Cobb County District Attorney,<br>    Defendants. | :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: <br> :: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER AND OPINION

Plaintiff, an inmate at the Cobb County Adult Detention Center in Marietta, Georgia, has submitted the instant pro se civil rights action. For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

### I. 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks

monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt. v. Jaharis, 297 F.3d 1182, 1187-88 (11th Cir. 2002) (reviewing the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983

2

complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

## II. Plaintiff's allegations

In the instant complaint, Plaintiff sues Chief Judge Bodiford and Judge Grubbs of the Superior Court of Cobb County (the Judicial Defendants), the Cobb County District Attorney, and the Clerk of the Superior Court. [Doc. 1-1 at 5.][1] Plaintiff states that he was arrested on December 8, 2005, and charged with three felonies and four misdemeanors, and he has been imprisoned ever since – without presentment, a preliminary hearing, or an indictment – in violation of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, as well as similar provisions of the Georgia Constitution. [Id. ¶ IV.] Plaintiff asserts that (1) without a preliminary hearing, he cannot prepare a proper defense; (2) he has never had the opportunity to confront his accusers and has not been informed of the circumstances of the crimes charged against him; (3) there has been no probable cause hearing to determine whether he was involved in the alleged crimes; and (4) certain important information has been withheld from him and his attorney. [Id.]

---

[1]The Court employs herein the document designations and page numbers displayed in the electronic docketing system now in use by the Clerk of Court.

Plaintiff contends that the judges of the Superior Court of Cobb County are "aggressively trying to deny [him] access to the court by ordering the clerk's office not to file [his] habeas corpus writ motions and other pro se litigation[]." [Id.] Judge Grubbs denied his first habeas petition, which asserted claims of ineffective assistance of counsel, and ordered the clerk not to file his second petition, which asserted, inter alia, illegal detainment.[2] [Id.] Plaintiff complains that Georgia law requires that he be given a probable cause hearing within 45 days of his warrantless arrest, but, through the combined actions of the district attorney, the clerk of court, and the chief judge, no hearing has been held. [Doc. 1-1 at 6-17.]

Plaintiff seeks, inter alia, the following relief: (1) appointment of counsel, (2) a temporary restraining order against the district attorney, (3) an order requiring the superior court to hear his revised habeas petition, (4) a vacation of the charges against him, (5) an order requiring a probable cause hearing, (6) an order requiring the state to "release" his ineffective public defender, and (7) an investigation into the administration of the superior court and the circuit defender's office. [Id. at 18, ¶ V.]

---

[2]Judge Grubbs ordered that Plaintiff's second habeas petition not be filed pending the outcome of his appeal with respect to his first habeas petition. [Doc. 1-2 at 2.]

4

### III. Discussion

#### A. Defendants' immunity

##### 1. Judicial Defendants

Unless a judge has acted "in the clear absence of all jurisdiction," he or she is absolutely immune from damage claims in a § 1983 action. See Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotations omitted). Furthermore, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The Eleventh Circuit has concluded that the above language allows only declaratory relief against judicial officers, to which a plaintiff is not entitled if "there is an adequate remedy at law." See Bolin, 225 F.3d at 1242-43 (affirming the dismissal of plaintiffs' claims for declaratory or injunctive relief because the plaintiffs had an adequate remedy at law, namely, the right to "appeal any rulings, or actions taken, in their criminal cases" or to "seek an extraordinary writ such as a writ of mandamus").

Plaintiff has not alleged any action taken by the Judicial Defendants "in the clear absence of all jurisdiction," nor is there any suggestion in the record that Plaintiff does not have an adequate remedy at law for any alleged violation, namely, a direct

5

appeal of their rulings or a separate action seeking mandamus relief. See id. at 1243. Accordingly, Plaintiff fails to state a claim for relief against the Judicial Defendants.

### 2. District attorney

"Prosecutors are also entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those taken in initiating a prosecution and in presenting the [state's] case." Id. at 1242. Further, when a § 1983 plaintiff has an adequate remedy at law, such as the right to an appeal or to seek mandamus relief, he is not entitled to equitable relief against a prosecutor. Id. at 1242-43. Accordingly, for the reasons stated above with respect to the Judicial Defendants, Plaintiff also fails to state a claim for relief against the District Attorney.

### 3. Clerk of the superior court

Finally, Plaintiff fails to state a claim against the clerk of the superior court. In general, "[n]onjudicial officials are encompassed by a judge's absolute immunity when their official duties have an integral relationship with the judicial process." Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994) (internal quotations omitted). However, "[a] clerk of . . . court performing routine duties such as entering an order and notifying parties does not enjoy an absolute immunity from damages actions for injuries caused by that conduct." Williams v. Wood, 612 F.2d 982, 984 (5th Cir.

1980). A clerk performing such routine duties is protected instead only by qualified immunity. Id. at 984-85. Even so, to state a viable claim for relief, a plaintiff must be able to establish that he has been damaged by a court clerk's actions, and Plaintiff cannot do so here. As noted above, the clerk failed to file Plaintiff's second habeas petition pursuant to Judge Grubbs' order, which entitles him to absolute immunity from any claim in that regard. Moreover, because Plaintiff is represented by counsel in his criminal case, he is not permitted to file pro se pleadings therein. [See, e.g., Doc. 1-5 at 10 (April 5, 2006, letter to Plaintiff from clerk of magistrate court explaining why Plaintiff's motion seeking withdrawal of the indictment could not be docketed).] There is no indication in the record that, had Plaintiff submitted his pro se pleadings to his counsel of record for filing, the clerk of the superior court would have declined to file them.

**B.   Younger abstention**

In addition, a federal court may not interfere in ongoing criminal proceedings in state court except in the most extraordinary circumstances. See Younger v. Harris, 401 U.S. 37 (1971). In Younger, the Supreme Court reaffirmed "the settled doctrines that have always confined very narrowly the availability of injunctive relief against state criminal prosecutions." Id. at 53. The Supreme Court noted "the longstanding

7

public policy" that federal courts should not intervene in an ongoing state criminal prosecution "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." Id. at 43-44. Younger abstention is therefore appropriate when the federal constitutional claims at issue can be raised in an ongoing state court proceeding. Notwithstanding Plaintiff's protestations to the contrary, it appears that he will have an adequate opportunity to present any such claims in his own criminal proceedings. See id. at 49 (noting that "a proceeding was already pending in the state court, affording [respondent] an opportunity to raise his constitutional claims" in that forum).

The Supreme Court also noted in Younger that a litigant whose alleged injury "is solely that incidental to every criminal proceeding brought lawfully and in good faith . . . is not entitled to equitable relief," which is available only in extraordinary circumstances involving "bad faith or harassment." Id. at 49-50 (internal quotations omitted). It appears from the record that bond has been set for Plaintiff's release, and, at least with respect to one of the charges against him, he has had a probable cause hearing. [See Doc. 1-5 at 13-17; Doc. 1-6 at 4-5 (March 31, 2006, probable cause determination by magistrate judge).] Accordingly, Plaintiff's current circumstances

8

are not so extraordinary as to permit this Court's interference in his ongoing state criminal proceedings.

## IV. Conclusion

For the foregoing reasons, this Court finds that Plaintiff has failed to state a claim on which relief may be granted, and the instant complaint is hereby **DISMISSED**. See 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 31st day of August, 2006.

_____
TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

9

AO 72A
(Rev.8/82)